UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

|  |  |  |
|---|---|---|
| EARL DANIELS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:_____ |
| | ) | |
| 3M COMPANY f/k/a MINNESOTA MINING AND MANUFACTURING COMPANY, a foreign corporation; | ) | **DEFENDANT 3M COMPANY'S NOTICE AND CERTIFICATE OF REMOVAL** |
| | ) | |
| MINE SAFETY APPLIANCES COMPANY, LLC a foreign limited liability company, f/k/a MINE SAFETY APPLIANCES COMPANY, a foreign corporation; | ) | |
| | ) | |
| AMERICAN OPTICAL CORPORATION, a foreign corporation; | ) | |
| | ) | |
| MINE SERVICE COMPANY, INC., a Kentucky corporation; and | ) | |
| | ) | |
| KENTUCKY MINE SUPPLY COMPANY, a Kentucky corporation | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

3M Company gives notice of removing this case from the Pike Circuit Court to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville. This District and Division are the proper place to remove this case pending in Pike Circuit Court (cause number 19-CI-01371).[1]

_____

[1]   28 U.S.C. § 1441(a). The state court record is attached as Exhibit 1.

## INTRODUCTION

Eastern Kentucky is awash in claims about respirators. Thousands of former and current coal miners allege that they wore various out-of-state manufacturers' respirators to protect against black lung (also known as coal workers' pneumoconiosis, or CWP), but still developed black lung.

Nearly all of these thousands of plaintiffs join claims against two local Eastern Kentucky mine supply stores, Mine Service Company (MSC) and Kentucky Mine Supply Company (KMSC) (collectively, "Supplier Defendants"). The plaintiffs allege that, despite Kentucky's innocent-seller or "Middleman" statute's provision of immunity, these two local stores knew or reasonably should have known that the respirators they allegedly sold were defective.

The pattern is clear: after naming and serving the Supplier Defendants, plaintiffs then ignore them. Plaintiffs never seek discovery from the Supplier Defendants, depose their employees, or ask other deponents about them.[2]

Plaintiffs represented by Hare Wynn and Minner Vines Moncus (MVM) have followed that pattern. These attorneys represent hundreds of similarly situated

---

[2]    3M is aware of a few recent exceptions to this general pattern, in cases brought by a different plaintiffs' counsel, Mike Martin. Mr. Martin has served written discovery on the Supplier Defendants in a handful of cases in 2022.

plaintiffs; they all make claims against the same two Supplier Defendants, yet there have been zero genuine attempts to develop evidence in support.[3]

3M removed two of counsel's respirator cases in March 2022, *Bowen*[4] and *Marcum*.[5] Earlier this month, 3M removed two more of counsel's respirator cases, *Tackett*[6] and *Preece*.[7]  The basis for removal was the failure to develop evidence against the Supplier Defendants, showing fraudulent joinder and bad faith.[8] The notice of removal called out counsel's pattern and practice of failing to develop their clients' claims against the Supplier Defendants.

This removal concerns yet another multi-plaintiff respirator case brought by the same lawyers. One Plaintiff's case (James Patrick) is set as the back-up plaintiff for a September 26 trial setting.[9] In keeping with the pattern and practice shown in *Bowen*,

---

[3]   In a recent fact witness deposition in the companion removed case, Anderson, Plaintiff's counsel attempted to ask fact witnesses, James Stanley and Danny Varner, if they knew where Sidney Coal Company purchased the 3M respirators. Both witnesses clearly and unequivocally testified they had no idea.

[4]   *Bowen v. 3M Co.*, No. 7:22-cv-13-REW-HAI. 3M subsequently refers to this case as *Bowen*.

[5]   *Castle v. 3M Co.*, No. 7:22-cv-14-REW-HAI. 3M subsequently refers to this case as *Marcum*, because its trial plaintiff is Milton Marcum.

[6]   *Tackett v. 3M Co.*, No. 7"22-cv-63-DLB. 3M subsequently refers to this case as *Tackett*.

[7]   *Hatfield v. 3M Co.*, No. 7:22-cv-62-DLB. 3M subsequently refers to this case as *Preece*, because its trial plaintiff is Henry Preece.

[8]   *Bowen*, Doc. 1 at 7; *Marcum*, Doc. 1 at 8; *Tackett*, Doc 1 at 8; *Preece*, Doc. 1 at 8.

[9]   Patrick's claims would be tried if those of John Anderson, the lead plaintiff in the companion removed case, were not.

*Marcum*, *Tackett*, *Preece*, and all other respirator cases these lawyers have prepared for trial, Patrick has done nothing to develop his claims against the Supplier Defendants. He confirmed that on June 17, when he served his Response to 3M's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents ("Responses"). And just like in previous multi-plaintiff actions brought by these attorneys, there is no reason to think the other named Plaintiffs will litigate their claims against the Supplier Defendants. Federal jurisdiction is proper here for the same reasons cited in *Bowen*, *Marcum*, *Tackett*, and *Preece*.

Now that we are several months past the *Bowen* and *Marcum* removals, more evidence has emerged underscoring how miners represented by these lawyers fail to develop evidence against the Supplier Defendants. For example:

- 3M served requests for admission, a request for production, and an interrogatory in *Tackett* and *Preece*, asking Plaintiffs to either admit they had no evidence against the Supplier Defendants, or produce and identify that evidence. Instead of answering that simple question, counsel interposed a spurious objection based solely on timeliness.

- In this case, along with its companion removed case (John Anderson), when 3M served the same discovery, counsel interposed a different, equally spurious objection and failed to provide any substantive responses.

In 2018, when about 760 plaintiffs had pending claims against 3M,[10] this Court gave "fair warning" that "as these cases develop, it would raise an eyebrow here as to what's happening with these suppliers."[11] Despite that "fair warning," plaintiff attorneys

---

[10]    Exhibit 2 (chart summarizing pending respirator lawsuits against 3M as of January 1, 2018).

[11]    Exhibit 3 (Transcript of June 15, 2018 hearing in *Williams v. 3M Co.*, No. 7:18-cv-0063) at 32.

across Eastern Kentucky have continued bringing thousands of lawsuits against the Supplier Defendants, without engaging in discovery.

Time has proven that this Court was right to be "concerned" about "what's happening with these suppliers" "as these cases develop."[12] It is now time for this Court to take the next step. Patrick's complete failure to engage in discovery involving the Supplier Defendants shows the Supplier Defendants have been fraudulently joined.

## **PROCEDURAL HISTORY**

Counsel joined four Plaintiffs in this action filed in Pike Circuit Court on December 27, 2019: Earl Daniels, Henry Wright, John Adams, and James Patrick.[13] The Defendants are three respirator manufacturers—3M, American Optical (AO), and Mine Safety Appliances (MSA)—and the two Supplier Defendants.[14]

**James Patrick** is a Kentucky domiciliary.[15] The Complaint alleges he used 3M and MSA respirators.[16] Patrick testified that he used both 3M and Dustfoe 66 (MSA) respirators.[17] He has dismissed his claims against AO.[18]

---

[12]    *Id.*

[13]    Exhibit 4 (Complaint (also attached as part of the state-court record; Nov. 2, 2016)) at ¶ 1.

[14]    Complaint at ¶ ¶ 2-6.

[15]    Complaint at ¶ 1.

[16]    Complaint at ¶ 1.

[17]    Exhibit 5 (Sept. 15, 2020 Deposition of James Patrick "Patrick Dep.") at 116:16-20.

[18]    Agreed Order (attached as part of the state-court record; Mar. 6, 2020.

On March 28, 2022, the circuit court set Patrick's claims as the back-up for trial beginning September 26.[19] An agreed scheduling order was entered on May 12.[20] Fact discovery was set to close on June 24,[21] but Patrick intended to continue conducting fact witness depositions beyond that date.

Patrick recalled being diagnosed with black lung around 2012.[22] He first applied for Federal Black Lung benefits in 2011 and was awarded them in November 2012.[23] He admitted he wore respirators to prevent inhaling coal dust, which he knew caused lung disease.[24] As this Court has repeatedly concluded, respirator plaintiffs who fail to investigate why they developed black lung despite alleged respirator use cannot, as a matter of law, avail themselves of Kentucky's discovery rule.[25]

---

[19]   Order of Pretrial/Jury Trial (attached as part of the state court record; Mar. 28, 2022).

[20]   Exhibit 6 (Scheduling Order (also attached as part of the state court record; May 12, 2022)).

[21]   *Id.*

[22]   Exhibit 5 [Patrick Dep.] at 186:11-18.

[23]   *Id.* at 190:13-191:1.

[24]   *Id.* at 189:10-17.

[25]   *Roark v. 3M Co.*, --- F. Supp. 3d ---, 2021 WL 5410887, at *4 (E.D. Ky. 2021); *Adams v. 3M Co.*, No. 12-61-ART, 2013 WL 3367134, at *4-5 (E.D. Ky. July 5, 2013); *Boggs v. 3M Co.*, No. 11-57-ART, 2012 WL 3644967, at *3-6 (E.D. Ky. Aug. 24, 2012), *aff'd*, 527 F. App'x 415 (6th Cir. 2013).

**Earl Daniels** is a West Virginia domiciliary who allegedly used MSA respirators.[26] He has dismissed his claims against 3M.[27]

**Henry Wright** is a Kentucky domiciliary who allegedly used MSA, 3M, and AO respirators.[28]

**John Adams** is a Kentucky domiciliary who allegedly used MSA and 3M respirators.[29] He has dismissed his claims against AO.[30]

### Third-Party Defendants

Over Patrick's objection,[31] 3M was granted leave to file a third-party complaint against Patrick's former mining employers, seeking indemnity, contribution, and/or apportionment.[32] All three inactive former employers have been constructively served and are now Third-Party Defendants.

### GROUNDS FOR REMOVAL

Removal is based on federal diversity jurisdiction, 28 U.S.C. § 1332; the supplemental jurisdiction statute, 28 U.S.C. § 1367; the general removal statute, 28 U.S.C. § 1441; and the doctrine of fraudulent joinder. (Section 1446(c)(1)'s time limit for

---

[26]   Complaint at ¶ 1.

[27]   Agreed Order (attached as part of the state court record; July 10, 2020).

[28]   Complaint at ¶ 1.

[29]   Complaint at ¶ 1.

[30]   Agreed Order (attached as part of the state court records; Apr. 8, 2020).

[31]   Patrick's Response to 3M's Motion for Leave to File Third-Party Complaint (attached as part of the state court record; Apr. 26, 2022).

[32]   3M's Third-Party Complaint (attached as part of state court record; May 3, 2022).

diversity removals doesn't apply because Plaintiffs have fraudulently joined their claims against the Supplier Defendants in bad faith.)

The full legal argument supporting removal is articulated in the *Bowen* and *Marcum* notices of removal and in 3M's briefing on those plaintiffs' motions to remand. Rather than repeat that detailed argument here, 3M incorporates those papers by reference. The sections below identify why federal jurisdiction is proper and provide additional information supporting removal.

## I.   This Court has jurisdiction over Plaintiffs' claims against the properly joined Respirator Defendants, and over 3M's claims against the Third-Party Defendants.

This Court has jurisdiction. Plaintiffs' claims against the Respirator Defendants satisfy diversity jurisdiction. Plaintiffs' claims against the non-diverse Supplier Defendants are immaterial because the Supplier Defendants are fraudulently joined. 3M's claims against the Third-Party Defendants don't require an independent jurisdictional basis; supplemental jurisdiction encompasses those claims.

### A.   Plaintiffs are completely diverse from the Respirator Defendants, and more than $75,000 is plausibly at issue.

Plaintiffs are West Virginia and Kentucky domiciliary, and the three Respirator Defendants are completely diverse. 3M is a Delaware corporation with a Minnesota principal place of business.[33] MSA is an LLC that, for diversity purposes, is a citizen of

---

[33]   Exhibit 7 (3M's Answer).

Pennsylvania.[34] AO is a Delaware corporation with a Connecticut principal place of business.[35]

The amount in controversy is satisfied. On July 7, 2022, in *Tackett* and *Preece*, Patrick's counsel filed supplemental interrogatory answers admitting that they will seek up to $50,000,000 in compensatory damages and up to $100,000,000 in punitive damages.[36] 3M fully expects Patrick to seek similar damages.

### B. Plaintiffs' claims against the Supplier Defendants are fraudulently joined.

"A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."[37] A defendant is not fraudulently joined if "a colorable basis [exists] for predicting that a plaintiff may recover against [the non-diverse] defendant."[38] In evaluating fraudulent joinder, courts look beyond the pleadings to "consider summary judgment evidence" and determine "whether there are undisputed facts that negate the claim."[39]

---

[34]   *Bowen* Doc. 1-6 (MSA's Response to Court's November 4, 2020 Order, *Mullins v. Mine Safety Appliances Co., LLC*, No. 7:20-cv-00136-REW-EBA (E.D. Ky. Nov. 13, 2020) [Doc. 6 at 1]) (discussing LLC membership and representing that MSA "is a citizen of Pennsylvania" for diversity purposes).

[35]   *Bowen* Doc. 1-7 (AO's Corporate Disclosure, *Baskin v. Am. Optical Corp.*, No. 2:21-cv-01787-LMA-MBN (E.D. La. Sept. 29, 2021) [Doc. 6 at 1] (representing that AO "is a privately held Delaware corporation with its principal place of business in Connecticut").

[36]   Exhibit 8 (Plaintiff Henry Preece's Supplemental Answers to Joint Interrogatories; Plaintiff Tommy Tackett's Supplemental Answers to Joint Interrogatories).

[37]   *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (alteration, and internal quotation marks omitted; quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

[38]   *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 654 (6th Cir. 2015).

[39]   *Casias*, 695 F.3d at 433 (internal quotation marks and citation omitted).

Factual controversies are resolved in the plaintiff's favor, "but only when there is an actual controversy;" courts do not "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts" to negate fraudulent joinder.[40]

### 1. Counsel have chosen to litigate Patrick's case like Bowen's and Marcum's.

Referring the Court to the *Bowen* and *Marcum* papers for additional details on the law of fraudulent joinder,[41] 3M highlights the facts showing fraudulent joinder here:

- Patrick never served a single interrogatory on the Supplier Defendants.
- Patrick never asked them to produce a single document.
- Patrick never asked them to admit anything.
- Patrick never sought to depose them (or their employees).
- Patrick failed to develop evidence concerning them in any fact-witness depositions.

That is all likewise true in *Bowen*, *Marcum*, *Tackett*, and *Preece*, cases all involving the same plaintiff attorneys. 3M's removals pointed out these facts, months ago in *Bowen* and *Marcum*, as evidencing fraudulent joinder. Nevertheless, Patrick's

---

[40] *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis and citation omitted).

[41] *See, e.g.*, *Alexander*, 13 F.3d at 949 (discussing standard); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16md2734, 2018 6258903, at *6-7 (N.D. Fla. Nov. 8, 2018) (no fraudulent joinder where "there [was] no pattern of individual plaintiffs bringing suit against [a non-diverse defendant] and then failing to follow through with discovery"); *Kent v. Bank of Am., N.A.*, Civ. No. 11-2315, 2012 WL 3582759, at *16 (D. Minn. 2012) (plaintiffs' counsel's pattern and practice showed non-diverse defendants joined solely to defeat diversity jurisdiction); *Bennett v. Ford Motor Co.*, No. 5:07CV-115-R, 2007 WL 4561281, at *2-3 (W.D. Ky. Dec. 21, 2007) (non-diverse defendant fraudulently joined where plaintiff engaged in "little attempt, if any, to develop a case against" that defendant); *In re Diet Drugs*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (non-diverse pharmacies fraudulently joined where mass pharmaceutical litigation plaintiffs routinely voluntarily dismissed them after one-year removal time limit passed); *Hardy v. Ajax Magnathermic Corp.*, 122 F. Supp. 2d 757, 761 (W.D. Ky. 2000) (non-diverse defendant fraudulently joined where "Plaintiffs took virtually no discovery and had no facts to have any reasonable basis for a claim against" that defendant).

counsel chose to litigate Patrick's case the same way. Counsel's failure to develop a case against the Supplier Defendants even *after* the *Bowen* and *Marcum* removals can only be described as a deliberate choice. That choice has consequences.

### 2. Additional evidence showing fraudulent joinder.

The evidence in this case goes beyond that of *Bowen* and *Marcum*, further supporting a finding of fraudulent joinder.

On May 19, 3M served requests for admission, an interrogatory, and a request for production on Patrick.[42] This discovery asked Patrick to either (1) admit he has no evidence supporting his claims against the Supplier Defendants[43] or (2) produce the documents supporting anything other than unqualified admissions and detail the supporting grounds.[44]

On June 17, Anderson and Patrick objected, instead of answering these simple requests. The objection was that the Kentucky court rules don't permit using requests for admission to determine if evidence exists.[45] Counsel relied on a 1965 Kentucky case,

---

[42] Exhibit 9 (Defendant 3M Company's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents; May 19, 2022). 3M served identical discovery on John Anderson, the lead trial plaintiff in the companion removed case.

[43] To be precise, 3M asked Patrick to admit that he had no evidence that KMSC or MSC sold the respiratory protection devices he wore at any time during his career, and that he had no evidence that KMSC or MSC sold the respiratory protection devices he wore at each of the mines where he worked. *Id.*

[44] *Id.*

[45] Exhibit 10 (James Patrick's Response to 3M Company's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents; 6/17/2022; John Anderson's Response to 3M Company's First Set of Requests for Admission, Second Set of Interrogatories, and Third Requests for Production of Documents; 6/17/2022).

never since cited for that proposition, which predated the 1971 overhaul of Kentucky's court rule on requests for admissions (CR 36). That amendment "broadened" the rule to "conform" to the expanded CR 26.02.[46] 3M has moved to deem those requests admitted or to compel a response, and to compel a response to the accompanying interrogatory and request for production.

Even if Anderson and Patrick were justified in the position that requests for admission cannot be used to determine if evidence exists, they have still failed to produce evidence supporting claims against the Supplier Defendants. 3M's interrogatory and request for production of documents afforded the opportunity to produce information and/or documents to show that they had evidence related to their claims against the Supplier Defendants. Both Anderson and Patrick provided nothing.

In *Tackett* and *Preece*, counsel dodged these simple questions in different fashion. *Tackett* and *Preece* asserted that the Kentucky rules gave an additional three days to serve responses,[47] and that they couldn't be required to answer on May 16 because "the parties had agreed that fact discovery would be completed by May 13, 2022."[48]

That objection—plainly designed to avoid providing the Respirator Defendants definite information supporting removal—was groundless. Although an agreed

---

[46]   CR 36.01 (Sup. Ct. Comment. to 1971 Amend.) ("This Rule is substantially all new. The scope has been broadened to conform to the new Rule 26.02.").

[47]   CR 6.05.

[48]   Exhibit 11 (Plaintiff Henry Preece's Objections to Defendant 3M Company's First Set of Requests for Admission and Second Set of Interrogatories and Requests for Production of Documents; May 16, 2022).

scheduling order initially set fact discovery to close on May 13, the parties completed fact discovery well after that date.

Anderson and Patrick did not dispute the timeliness of 3M's discovery, and instead opted to object in reliance on an outdated rule and case. As a result, *Tackett* and *Preece* left the door open to potentially provide information or documents related to their claims against the Supplier Defendants, at a later date, while Anderson and Patrick both failed to do so during discovery. Patrick isn't offering, for example, sales records showing the Supplier Defendants sold the respirators he supposedly used to his mine employers. Nor is he offering documents to surmount their Middleman immunity.

These same lawyers have interposed spurious objections in other cases, instead of either (1) admitting their clients have no evidence to support their claims against the Supplier Defendants or (2) producing that evidence. Counsel's refusal to answer these simple questions—in multiple respirator cases—can only mean one thing: there's no evidence to support those claims.

### 3. Patrick's Responses finally provided the solid and unambiguous information of fraudulent joinder.

Given Patrick's refusal to provide evidence supporting his claims against the Supplier Defendants, his Responses, served on 3M on June 17, finally provided the "solid and unambiguous information that the case is removable."[49] It lays bare that—by his and his counsel's choice—he cannot support his allegation that "upon information and belief," the Supplier Defendants "sold and distributed respirators manufactured and

---

[49]   *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015).

distributed by the" Respirator Defendants.[50] Patrick's Responses show that he does not have information to support that belief, and it cements Patrick's complete failure to use discovery to locate that information.

By his and his counsel's choice, Patrick cannot show that he ever used a product sold by the Supplier Defendants. He could have asked his former employers to turn over records or deposed them, or he could have sought discovery from the Supplier Defendants themselves. But instead, he fought tooth and nail to keep his former employers out of this case, presumably so fault couldn't be apportioned to them,[51] failed to provide any information or documents in response to 3M's discovery aimed at ferreting out whether the Supplier Defendants sold respirators to his employers, and never propounded discovery to the Supplier Defendants.[52]

And, by his and his counsel's choice, Patrick cannot show how the Supplier Defendants knew, or reasonably should have known, that respirators they sold were

---

[50]    Complaint at ¶ 6.

[51]    Patrick's Response to 3M's Motion for Leave to File Third-Party Complaint (attached as part of the state court record; Apr. 26, 2022).

[52]    *See Hardy*, 122 F. Supp. 2d at 761 ("The question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. Here, there is no such reasonable basis now and no evidence suggests a reasonable basis at the time Plaintiffs filed their complaint four years ago.").

defective. That is his burden to overcome the Suppliers' Middleman immunity.[53] Without any evidence, he cannot do that.[54]

Nothing prevented Patrick from attempting to develop evidence, just as nothing prevented Darrell Bowen, Milton Marcum, Tommy Tackett, Henry Preece, and hundreds of other similarly situated plaintiffs from developing evidence against the Supplier Defendants. Patrick has no evidence and he chose not to seek it. The only possible explanation is that Patrick and his counsel were finished with the Supplier Defendants as soon as the Complaint was filed. He and his counsel only joined them to defeat diversity jurisdiction, and have kept them in the case for that purpose with no evidence to support those claims. That is fraudulent joinder.

### 4. Patrick's failure to pursue the Supplier Defendants demonstrates a pattern and practice of fraudulent joinder.

This case isn't isolated. Plaintiffs are among now thousands who have sued the same two local mine supply stores, but never pursue discovery about those claims. The Court recognized these "concern[ing]" practices in 2018. They have only become more characteristic since that "fair warning."[55] The number of plaintiffs making the same allegations, but never pursuing them, has exploded. This clear pattern and practice contextualizes the fraudulent joinder which has become business as usual in Eastern

---

[53]   KRS 411.340; *see Bennett*, 2007 WL 4561281, at *3 ("[T]here are no facts in the record indicating that [the non-diverse defendant] had knowledge of any alleged defect at the time that it sold the automobile to Plaintiffs, which entitles [the non-diverse defendant] to immunity under Kentucky's Product Liability Act. KRS § 411.340. This Court cannot find that a reasonable basis existed for Plaintiffs' claim against Quality Ford. *See Alexander*, 12 F.3d at 949.").

[54]   *See Bennett*, 2007 WL 4561281, at *3.

[55]   Exhibit 3 [Williams Transcript] at 32.

Kentucky. Patrick and his counsel were done with the Supplier Defendants from day one.

### 5.  The other Plaintiffs also fraudulently joined the Supplier Defendants.

The other Plaintiffs' copy-and-paste claims against the Supplier Defendants are no get-out-of-federal-court-free card for Patrick and their shared counsel. Courts don't "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts" to negate fraudulent joinder.[56]

The evidence showing Patrick's fraudulent joinder likewise shows the other Plaintiffs' fraudulent joinder. The other Plaintiffs make identical claims against the Supplier Defendants as Bowen, Marcum, Tackett, Preece, Anderson, Patrick, and many others. There is no objective reason to assume their cases will be litigated differently from Bowen's, Marcum's, Tackett's, Preece's, Anderson's, or Patrick's.

### C.  The Third-Party Defendants' citizenships are immaterial; the Court has supplemental jurisdiction.

3M impleaded Anderson's former employers as Third-Party Defendants over Anderson's objection. The Court has supplemental jurisdiction over the third-party claims.

A non-diverse third-party defendant's presence doesn't affect complete diversity that otherwise exists between plaintiffs and defendants.[57] That is because Rule 14 claims against third parties "generally do not require an independent jurisdictional basis. Instead, such claims fall within the court's supplemental jurisdiction if the impleaded

---

[56]   *Badon*, 224 F.3d at 393-94 (emphasis and citation omitted).

[57]   *Grimes v. Mazda N. Am Ops.*, 355 F.3d 566, 572 (6th Cir. 2004).

[third-party] defendant's actions share a 'common nucleus of operative fact' with the case already before the court."[58] So, for example, the Sixth Circuit concluded that a third-party complaint brought "solely to allow [the defendants] to seek an instruction apportioning fault to the [third-party defendant] if the evidence warranted," didn't thwart diversity jurisdiction, even though the third-party defendant wasn't diverse from the plaintiff.[59] District courts routinely apply this rule.[60]

3M filed Third-Party Complaints against Patrick's former employers so they could be apportioned fault. Claims against the former employers plainly share a common nucleus of operative fact with Patrick's claims, because the former employers controlled the mine conditions in which Patrick worked. Common questions include whether the former employers complied with their federal obligation to limit coal mine dust, and what respirator training they provided Patrick.

This standard Kentucky practice to set up a potential apportionment instruction doesn't affect diversity jurisdiction.[61]

## II.   Removal is timely.

Removal is timely. 3M now has "the solid and unambiguous information" that the Supplier Defendants have been fraudulently joined, and removed within 30 days of

---

[58]   *Id.* The Supreme Court has also reinforced that "defendant" as used in 28 U.S.C. § 1441(a) doesn't include third-party defendants. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748-49 (2019).

[59]   *Grimes*, 355 F.3d at 573.

[60]   *See, e.g.*, *Affordable Constr. Servs., Inc. v. Auto-Owners Ins. Co.*, No. 1:20-cv-01016-STA-jay, 2020 WL 1955267, at *2-3 (W.D. Tenn. Apr. 23, 2020) (relying on *Grimes* to deny motion to remand).

[61]   *Grimes*, 355 F.3d at 571-73.

securing that information.[62] As discussed, that information came from Patrick's Responses, an "other paper" served on 3M on June 17.[63]

"The 30-day period [for removal] in § 1446(b)(1) starts to run only if the initial pleading contains solid and unambiguous information that the case is removable."[64] Otherwise, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable."[65]

3M finally received "solid and unambiguous" information when Patrick served his Responses on June 17. Until that point, Patrick had refused to confirm, one way or the other, whether he had evidence supporting his claims against the Supplier Defendants. Because 3M removed within 30 days after service of Patrick's Responses, removal is timely.[66]

### III.   Section 1446(c)(1) doesn't bar removal.

This case has been pending for more than one year. But section 1446(c)(1)'s one-year limit on diversity removals doesn't apply. Plaintiffs have fraudulently joined their claims against the Supplier Defendants, in bad faith.

---

[62]   *Berera*, 779 F.3d at 364.

[63]   *See id.* (construing "other paper" as "expansive" and including "a wide array of documents within its scope" (citing Charles Alan Wright & Arthur Miller, 14C *Federal Practice and Procedure* § 3731 (4th ed. 2009)).

[64]   *Id.* (internal quotation marks and citation omitted).

[65]   *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

[66]   28 U.S.C. § 1446(b)(3).

Courts, including this one, have long recognized that in fraudulent joinder cases, section 1446(c)(1)'s one-year limit doesn't apply.[67] That was true even before Congress made it easier to remove by adding bad faith to section 1446(c)(1); it is certainly true after that revision.[68] Bad faith is determined based on the totality of the circumstances.[69]

Referring the Court to the *Bowen* and *Marcum* papers for additional details on the law, 3M highlights the evidence showing Plaintiffs' bad faith (to the extent that a separate showing of bad faith is necessary, beyond showing fraudulent joinder):

- Patrick never served a single interrogatory on the Supplier Defendants.
- Patrick never asked them to produce a single document.
- Patrick never asked them to admit anything.
- Patrick never sought to depose them (or their employees).
- None of Patrick's expert reports mentions the Supplier Defendants or purports to offer an opinion concerning them.
- Patrick failed to develop evidence concerning them in any deposition.
- Patrick refused to admit he has no evidence against the Supplier Defendants, and failed to provide any information or documents to say he *did* have evidence against them, and refused to disclose any evidence if he has it.
- Counsel has made the same litigation choices in many cases involving the Supplier Defendants.

---

[67] *See, e.g.*, *Estate of Morgan v. Cabela's, Inc.*, No. 09-91-GFCT, 2019 WL11646777, at *4 (E.D. Ky. 2010) ("[T]he one-year time limit on removing an action from state court does not apply when a plaintiff has fraudulently joined a non-diverse defendant."); *Bennett*, 2007 WL 4561281, at *2-3 ("[T]he one-year limitation of 28 U.S.C. § 1446(b) d[oes[ not bar removal if the plaintiffs fraudulently joined the nondiverse defendant."); *Hardy*, 122 F. Supp. 2d at 759 (one-year limitation "does not bar removal . . . *if* Plaintiffs fraudulently joined the nondiverse defendant").

[68] *See, e.g.*, *Larue v. Volkswagen Grp. of Am., Inc.*, No. 1:17-cv-000001-GNS, 2017 WL 2312480, at *6 (W.D. Ky. May 26, 2017) (discussing how courts have "evaluated claims of bad faith under the [current] version of 28 U.S.C. § 1446(c) by analyzing whether the non-diverse party was fraudulently joined or was not dismissed to preclude timely removal").

[69] *See Hoyt v. Lane Constr. Co.*, 927 F.3d 287, 291-92 (5th Cir. 2019).

- Patrick dismissed his claims against AO when the evidence showed he didn't use AO's products. Patrick's Responses now proves that he's never had any evidence against the Supplier Defendants, yet he maintains his claims against them.

Considering the totality of these circumstances, the only reasonable conclusion is that Patrick, and the other Plaintiffs, have fraudulently joined the Supplier Defendants, and that this was done in bad faith to defeat diversity jurisdiction. Patrick's Responses show that he never had any "information" to support his "belief" that the Supplier Defendants "sold and distributed respirators manufactured and distributed by the" Respirator Defendants,[70] or his allegations that the Supplier Defendants' actions injured him.[71] His failure to engage in discovery to substantiate those allegations shows they were, from the beginning, made fraudulently and in bad faith. And there is no objective reason to suppose that the other Plaintiffs, represented by the same counsel, will litigate their claims any differently from Bowen's, Marcum's, Tackett's, Preece's, Anderson's, Patrick's, or those of any of the other plaintiffs whom these lawyers represent.

3M anticipates that Plaintiffs will rely on the fact that they haven't dismissed their claims against the Supplier Defendants as evidencing their lack of bad faith. But the failure to dismiss these claims is precisely the point. Patrick dismissed his claims against AO when the evidence showed he didn't use AO's products. Patrick and his counsel have now finally acknowledged, through Patrick's Responses, that they *also* have no evidence supporting their claims against the Supplier Defendants. That has been true since day one of this case.

---

[70]     Complaint at ¶ 6.

[71]     Complaint at ¶ ¶ 31, 34.

Counsel knows that dismissing these claims would further highlight how the claims were brought and have been maintained fraudulently and in bad faith, to avoid federal court. Such a confession of bad faith would be "extraordinary,"[72] and no such confession is necessary for this Court to find that bad faith exists. It cannot be the law that bad faith can't be proven absent a dismissal of the claim brought in bad faith.

Like *Bowen* and *Marcum*, this case lacks even the scant evidence that this Court held in *Williams* was the "bare minimum" to justify remand.[73] There, the plaintiff had at least deposed a witness whose testimony provided a scintilla of "evidence that made a judgment or settlement with MSC more likely."[74] That witness (another of the plaintiff's lawyer's clients) "testified that he remembered that one of the mask suppliers was 'Mine Services.'"[75]

When 3M asked Patrick to admit he had no evidence supporting his claims against the Supplier Defendants, he and his counsel confirmed that Patrick has no evidence, and it confirms that Plaintiffs and counsel joined and maintain these claims fraudulently and in bad faith.

---

[72]   *Cont'l Ins. Co. v. N.L.R.B.*, 495 F.2d 44, 48 (2d Cir. 1974).

[73]   *Williams v. 3M Co.*, No. 7:18-cv-63-KKC, 2018 WL 3084710, at *6 (E.D. Ky. June 22, 2018).

[74]   *Id.* at *5.

[75]   *Id.*

## IV.    The other technical requirements for removal are satisfied.

This removal meets the technical requirements of joinder, service, and notice. All Defendants consent to removal.[76] The state court record is attached as Exhibit 1 to this notice.[77] And 3M will file a written notice of this removal in Pike Circuit Court, a copy of which is attached as Exhibit 13 to this notice. 3M will attach this notice as an exhibit to the state court filing and provide written notice of this removal to Plaintiffs.

* * *

3M gives notice that the above-styled action is removed from the Pike Circuit Court to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville. Plaintiffs are notified to proceed no further in state court.

### CERTIFICATE

This is to certify that on July 15, 2022, there was served upon the Clerk of the Pike Circuit Court a copy of the Notice of Removal of this action, then pending in the Pike Circuit Court, in which said action was designated as Case No. 19-CI-01371, to the United States District Court for the Eastern District of Kentucky, Southern Division at Pikeville.

---

[76]    MSA has settled its cases with Hare Wynn and Minner Vines Moncus and is unable to consent to removals. Exhibit 12 (A. Jones, July 15, 2022).

[77]    28 U.S.C. § 1446(a).

22

Respectfully submitted,

/s/ Bryant J. Spann
Bryant J. Spann
Robert H. Akers
THOMAS COMBS & SPANN
300 Summers Street, Suite 1380
Charlestown, WV 25301
Telephone: (304) 414-1800
Facsimile: (304) 414-1801
bspann@tcspllc.com
rakers@tcspllc.com
jbrowne@tcspllc.com
lgibson@tcspllc.com

and

Byron N. Miller
Michael J. Bender
734 West Main Street, Suite 400
Louisville, KY 40202
Telephone: (502) 585-9900
Facsimile: (502) 585-9993
bmiller@tmslawplc.com
mbender@tmslawplc.com
mhess@tmslawplc.com
mhendricks@tmslawplc.com

*Counsel for Defendant 3M Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed this 15th day of July 2022 through the operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A true and correct copy of the foregoing was also mailed and / or served via electronic mail to the following:

Matthew C. Minner
Brian M. Vines
Minner Vines Moncus Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
matt@mvmlaw.com
brian@mvmlaw.com
sandy@mvmlaw.com
tonja@mvmlaw.com
*Counsel for Plaintiffs*

Jason Earley
Scott A. Powell
Christopher S. Randolph, Jr.
Tempe D. Smith
Hare, Wynn, Newell and Newton, LLP
2025 3rd Avenue N., Suite 800
Birmingham, AL 35203
Jason@hwnn.com
Scott@hwnn.com
Chris@hwnn.com
Tempe@hwnn.com
Laura@hwnn.com
*Counsel for Plaintiffs*

Todd W. Burris
Law Office of Todd W. Burris, PLLC
PNC Bank Tower
301 E. Main Street, Suite 1000-A
Lexington, KY 40507
todd@toddwburrislaw.com
*Counsel for Plaintiffs*

D. Tyler Roberts
Roberts Law Office, PLLC
PNC Bank Tower
301 E Main Street, Suite 1000-C
Lexington, KY 40507
troberts@rloky.com
*Counsel for Plaintiffs*

Joseph Lambert
Lambert & Lambert, PLLC
P.O. Box 989
Mt. Vernon, KY 40456
lambertjos@gmail.com
*Counsel for Plaintiffs*

M. Trent Spurlock
Alice A. Jones
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Trent.Spurlock@Dinsmore.com
Alice.Jones@Dinsmore.com
Brenda.Goodhue@Dinsmore.com
*Counsel for Defendant Mine Safety Appliances Company*

Charles J. Baird
David L. Baird
Baird & Baird, PSC
162 Second Street
P.O. Box 351
Pikeville, KY 41502
cbaird@bairdandbaird.com
dbaird@bairdandbaird.com
*Counsel for Defendant Mine Safety*
*Appliances Company*

Patrick W. Gault
Napier Gault Schupbach & Stevens PLC
730 West Main Street, Suite 400
Louisville, KY 40202
pgault@napiergaultlaw.com
abury@napiergaultlaw.com
*Counsel for Defendants Mine Service*
*Company, Inc. and Kentucky Mine*
*Supply Company*

*/s/ Bryant J. Spann*
Counsel for Defendant 3M Company