# EXHIBIT 4

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
CASE NO. 19-CI-_____

EARL DANIELS                                                                                   PLAINTIFFS

and

HENRY WRIGHT

and

JOHN ADAMS

and

JAMES PATRICK

VS.

3M COMPANY f/k/a MINNESOTA MINING AND                                   DEFENDANTS
MANUFACTURING COMPANY, a foreign corporation;

MINE SAFETY APPLIANCES COMPANY, LLC a foreign
limited liability company, f/k/a MINE SAFETY
APPLIANCES COMPANY, a foreign corporation;

AMERICAN OPTICAL CORPORATION, a foreign corporation;

MINE SERVICE COMPANY, INC., a Kentucky corporation;

and

KENTUCKY MINE SUPPLY COMPANY, a Kentucky corporation;

---

**COMPLAINT AND JURY DEMAND**

---

*FILED ELECTRONICALLY*

1

Comes now the Plaintiffs, by and through counsel, and for their cause of action against the above-named Defendants states and alleges as follows:

## PARTIES

1. Plaintiff, Earl Daniels, resides in Matewan, West Virginia, and wore the Mine Safety Appliances Company, LLC (hereinafter referred to as "MSA") respirators/dust masks; Plaintiff, Henry Wright, resides in Virgie, Kentucky and wore the MSA and wore the 3M Company f/k/a Minnesota Mining and Manufacturing Company (hereinafter referred to as "3M") respirators/dust masks and wore the and wore the American Optical Corporation (hereinafter referred to as "AO") respirators/dust masks; Plaintiff, John Adams, resides Sidney, Kentucky, and wore the MSA and 3M respirators/dust masks; Plaintiff, James Patrick, resides in Louisa, Kentucky, and wore the MSA and 3M respirators/dust masks.

2. Defendants 3M Company, formerly known as Minnesota Mining and Manufacturing Company (3M) and Mine Safety Appliances Company, LLC, formerly known as Mine Safety Appliances Company (MSA) and American Optical Corporation (AO) are or were foreign corporations authorized to do, have done, or are still doing business in the Commonwealth of Kentucky in various counties, including Pike County, which represents substantial and not isolated activities in this State and who manufactured the respirators/dust masks used by the Plaintiffs. Defendant 3M may be served with process by serving their registered agent for service: Corporation Service Company, 421 West Main Street, Frankfort, Kentucky, 40601. Defendant, MSA may be served with process by serving their registered agent for service: c/o CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky,

2

40601. Defendant AO may be served with process by serving the Kentucky Secretary of State, whose address is 152 State Capitol, 700 Capital Avenue, Frankfort, Kentucky 40601-3493. The Secretary of State has been directed to serve (AO) at American Optical Corporation, Jeffrey A. Healy, Esquire, Tucker, Ellis, LLP, 950 Main Avenue, Suite 1100, Cleveland, Ohio 44113.

3. Defendants, 3M, AO, and MSA are collectively referred to as the "Dust Mask Defendants". The Dust Mask Defendants manufactured, distributed and/or sold respirators and dust masks to Plaintiffs' employers which were provided to and worn by Plaintiffs during their respective work at various coal mines. The respirators/dust masks were sold and used within the Commonwealth of Kentucky.

4. Defendant, Mine Service Company, Inc. (hereinafter referred to as "MSC"), is a Kentucky corporation doing business in the Commonwealth of Kentucky with its principal office in Hazard, Kentucky. Defendant Mine Service Company, Inc. may be served with process by serving its registered agent for service: Wallace Cornett, Highway 15 South, P.O. Box 858, Hazard, Kentucky 41702.

5. Defendant, Kentucky Mine Supply Company (hereinafter referred to as "KMSC") is a Kentucky corporation, doing business in the Commonwealth of Kentucky. Its principal office is in Pike, Kentucky. Defendant, Kentucky Mine Supply Company may be served with process by serving its registered agent for service: James M. Bushnell, 213 River Street, Pike, Kentucky 40831. Defendants MSC and KMSC are collectively referred to as "the Kentucky Distributors."

6. Defendants MSC and KMSC, upon information and belief, sold and distributed respirators manufactured and distributed by the Dust Mask Defendants.

3

7. Each Plaintiff, during the scope of their employment, used one or more of the respirators/dust masks manufactured by the Dust Mask Defendants in Pike County, Kentucky.

## JURISDICTION

8. Plaintiffs' claims are brought solely under Kentucky law, and Plaintiffs state that they are not bringing any claim, and disclaim any and all claims, under any federal law, statute, or regulation.

9. The damages suffered and sought to be recovered herein (compensatory and punitive) are in excess of the minimum jurisdictional limits of this Court. Defendants are subject to the in personam jurisdiction of the Court by virtue of the fact that they did and are doing business within the Commonwealth of Kentucky and committed a tort in whole or in part in this state against the Plaintiffs and have continuing minimum contacts with the Commonwealth of Kentucky.

## VENUE

10. This court has venue of this action in that the Plaintiffs utilized respirators/dust masks manufactured, distributed and/or sold by the Dust Mask Defendants. The Plaintiffs worked in the coal mines in Pike County, Kentucky during their mining careers. Consequently, this cause of action is proper before this Court.

## FACTS & ALLEGATIONS

11. This Complaint is filed on behalf of each of the above-named Plaintiffs who:

a. Worked as coal miners within the Commonwealth of Kentucky, were exposed to

coal, rock or sand dust as a result of such coal mine employment,

    b.    Suffer from an occupational lung disease known as Coal Workers' Pneumoconiosis and/or Silicosis, commonly referred to as "Black Lung" by virtue of the failure of the respirators/dust masks Plaintiffs used to protect them from exposure to coal rock and sand dust while working as a coal mine employee,

    c.    Plaintiff, Darrell Sparkman, also suffers from an occupational lung disease known as chronic obstructive pulmonary disease, commonly referred to as "COPD" and suffers from emphysema by virtue of the failure of the respirators/dust masks Plaintiff used to protect him from exposure to coal rock and sand dust while working as a coal mine employee.

    12.    Each Plaintiff was exposed to coal, rock, or sand dust on those occasions when they used one or more of the respirators/dust masks manufactured by the Dust Mask Defendants and sold by either of the Kentucky Distributors. The respirators/dust masks used by Plaintiffs as set forth in this Complaint were subjected to normal use and were not altered or modified by the Plaintiffs after the time of sale. Nevertheless, the respirators/dust masks leaked substantial amounts of undetectable, harmful dust into the Plaintiffs' breathing zones, and such exposures substantially contributed to the development of their lung diseases.

    13.    Each Plaintiff is believed to have developed a progressive, irreversible lung disease known as Coal Workers' Pneumoconiosis and/or silicosis, caused by breathing coal, rock or sand dust, despite wearing the respirators/dust masks manufactured and distributed by 3M, MSA, and AO and sold by either MSC or KMSC.

    14.    Each Plaintiff was not aware more than one year prior to the filing of this Complaint and was not possessed of information from which they ought to have been aware of

5

both the nature of his injuries and its causal connection to the Dust Mask Defendants and either MSC or KMSC.

### COUNT I: NEGLIGENCE CLAIMS AGAINST EACH DUST MASK DEFENDANT

15. Plaintiffs adopt by reference the allegations contained and set forth above.

16. Each Dust Mask Defendant is liable to each Plaintiff for negligence in one or more of the follow particulars, which negligence was a proximate or contributing cause of the harm and injuries suffered by the Plaintiffs.

17. Each Dust Mask Defendant performed or was aware of the research which confirmed that its products would not sufficiently prevent the users' inhalation of respirable-size pneumoconiosis producing particles that cause a progressive, irreversible lung disease.

18. As a result of the research described above, each Dust Mask Defendant had full knowledge at all times relevant to this action that no uniform respirator/dust mask model adequately fit all individual faces, and that, without an adequate fit, its products would not prevent the inhalation of dangerous amounts of disease-causing respirable particles.

19. Each Dust Mask Defendant also knew that its negative pressure respirator/dust mask should not be used for protection against very small submicron disease-producing particles.

20. Each Dust Mask Defendant was aware that harmful respirable substances, such as coal, rock or sand dust, occur in the coal mine industry in extremely small sizes which would readily penetrate their dust filter materials. Each Defendant was aware that certain conditions in the atmosphere, such as submicron particles, heat, humidity, chemical vapors, smoke, and oil

mists, significantly and adversely affected the effectiveness of their dust filter materials and that the degradation of certain filter materials was at its worst in underground coal mines. Each Defendant had knowledge that, as a result, the filter material used in each respirator/dust mask would allow significant penetration and leakage of harmful respirable-size particles under typical circumstances and conditions found in the coal mine industry.

21.   Each Dust Mask Defendant knew that, despite the above deficiencies, its products could meet the minimal governmental approval standards, yet still failed to provide adequate respirators/dust masks to prevent the diseases they were marketed to prevent. Each Dust Mask Defendant, collectively and in concert with each other, concealed and failed to disclose to the public at large, its distributors, the purchasers and users of their products, the research or information which demonstrated the limitations and failures of their safety products. Instead, each Dust Mask Defendant claimed its products were safe and effective for respiratory protection, which included using the governmental approval as a cover for selling respirators/dust masks which it knew were defective and ineffective.

22.   Each Dust Mask Defendant is liable for its negligence in manufacturing respiratory protective equipment which it knew or should have known had defects and dangerous limitations for safe use as stated above, and for its negligence in failing to warn distributors, purchasers and users that its products could not be safely used with coal, rock or sand dust during coal mine operations, and in failing to provide proper instructions, information, or warnings that its products could not provide adequate protection against small disease-producing particles.

23. The acts and omissions of each Dust Mask Defendant were in violation of its duty to utilize reasonable care for the safety of users of its products, including each Plaintiff.

24. As a direct and proximate result of the negligence of each Defendant as set forth herein above, each Plaintiff sustained injuries and damages, as aforesaid.

## COUNT II: STRICT TORT LIABILITY CLAIMS AGAINST EACH DUST MASK DEFENDANT

25. Plaintiffs adopt by reference the allegations contained and set forth above.

26. Each Dust Mask Defendant, at all times relevant hereto, was engaged in the manufacture, distribution and sale of respirators/dust masks. Each is strictly liable in tort to the Plaintiffs for the following reasons:

   a. Each Defendant knew or should have known at the time its products were placed in the stream of commerce that the respirators/dust masks were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses;

   b. In designing, manufacturing, and distributing respirators/dust masks in such an unreasonably dangerous condition that they were likely to cause harm to users thereof, including the Plaintiffs, when being used as intended;

   c. In distributing and selling said products not accompanied by adequate warnings of the dangers that were known or knowable at the time of marketing;

   d. Each Defendant knew that the respirators/dust masks would be used by the Plaintiffs' coal mine employers and Plaintiffs without inspection for defects therein;

8

 e. Each Defendant expected and knew that its respirators/dust masks would reach the Plaintiffs and were in fact received by the Plaintiffs without change in the condition in which the respirators/dust masks were first manufactured, distributed and sold; and

 f. Each Plaintiff was a foreseeable user of the respirators/dust masks and used said products in their intended manner and suffered serious harm because of said use.

27. As a direct and proximate result of the defects of the respirators/dust masks herein manufactured, distributed and sold by each Dust Mask Defendant, each Plaintiff has incurred both economic and non-economic damages.

## COUNT III: DEFENDANT MINE SERVICE COMPANY, INC. AND/OR KENTUCKY MINE SUPPLY COMPANY WERE NEGLIGENT AND SHOULD HAVE KNOWN OF THE DEFECTS IN THE RESPIRATORS / DUST MASKS AT THE TIME OF SALE AND, THEREFORE, ARE NOT IMMUNE FROM LIABILITY UNDER THE KENTUCKY MIDDLEMAN STATUTE

28. Plaintiffs adopt by reference the allegations contained and set forth above.

29. Neither MSC nor KMSC is immune from liability under the Kentucky Middleman Statute. As a dust mask/respirator distributor/seller, it knew or should have known at the time of sale that the dust mask/respirators it sold were defective and unreasonably dangerous when used in a coal mine. Each Kentucky Distributor respirator/dust mask distributor knew or should have known of the following:

 a. That one of the most common type of government approved dust masks/respirators was unsafe to use for Dust Mask by mine workers:

9

    i.    These respirators had dust filters that were chemically treated and mechanically processed in order to create an electrostatic charge on the filter;

    ii.    Authoritative information was readily available in the published literature from multiple sources regarding various conditions and circumstances which will dissipate or remove the electrostatic charge. This results in a significant reduction of the efficiency of the dust filter. Some of these conditions include use or storage of dust filters with exposure to oil mists, high heat, high humidity, moisture, submicron size solid particles, submicron liquid particles, smoke and fume. Examples of the published information include:

(1) <u>Respiratory Protective Devices Manual</u>, by Edwin C. Hyatt, published by American Industrial Hygiene Association and American Conference of Governmental Industrial Hygienists, 1963; pg. 35, pp. 38-39, pg. 44.

(2) <u>A Guide to Industrial Respiratory Protection</u>, by John A. Pritchard, published by U.S. Department of Health, Education, and Welfare, Public Health Service, Center for Disease Control, National Institute for Occupational Safety and Health, June, 1976; pp. 31-33, pg. 60.

(3) <u>Respiratory Protective Devices</u>, by Darrel D. Douglas, Chapter 21 of Patty's Industrial Hygiene and Toxicology, 3rd revised edition, Volume 1, John Wiley & Sons, Inc., 1978; pp. 1005-1008.

(4) <u>A NIOSH Technical Guide ...NIOSH Guide to Industrial Respiratory</u>

Protection, by N. Bollinger, et al., published by U.S. Department of Health and Human Services, Public Health Service, Centers for Disease Control, National Institute for Occupational Safety and Health, Division of Safety Research, September 1, 1987; pp. 19-20, pg. 52.

b.  That certain types of respirators/dust masks were difficult, if not impossible, to effectively fit test or fit check to insure a good seal when the respirator/dust mask was put on by the wearer. Such information was published in various authoritative publications, such as:

i.  A Guide to Industrial Respiratory Protection, by John A. Pritchard, published by U.S. Department of Health, Education, and Welfare, Public Health Service, Center for Disease Control, National Institute for Occupational Safety and Health, June, 1976; pp. 31-33, pg. 60.

ii.  ANSI Z88.2 (1980).

30.  The Kentucky Distributors had a duty to truthfully report and use reasonable means and efforts to ascertain the truth about the capabilities and limitations of the respirators/dust masks it sold to each Plaintiff and each Plaintiff's employers for use in coal mines.

31.  The Kentucky Distributors negligently failed in its duty to each Plaintiff and, as a proximate and/or contributory result thereof, each Plaintiff suffered the injuries complained of herein.

11

## COUNT IV: STRICT LIABILITY OF DEFENDANT'S MINE SERVICE COMPANY, INC. AND KENTUCKY MINE SUPPLY COMPANY

32. Plaintiffs adopt by reference the allegations contained and set forth above.

33. The Kentucky Distributors are not immune under Kentucky Revised Statute 411.340 as set forth above, and therefore, are liable in strict liability.

34. As a direct and proximate result of the defect of the respirators/dust masks herein distributed and sold by the Kentucky Distributors, each Plaintiff has incurred both economic and non-economic damages.

## COUNT VII: PUNITIVE DAMAGES AGAINST THE DUST MASK DEFENDANT(S) ONLY

35. Plaintiffs adopt by reference the allegations contained and set forth above.

36. Each Dust Mask Defendant knew that the use of its respirator/dust mask products could and did cause progressive, irreversible lung disease because while worn, the respirator products allowed significant leakage of pneumoconiosis, silicosis, and chronic obstructive pulmonary disease producing dusts.

37. Each Dust Mask Defendant was aware of methods by which to remedy the defects of the respirator/dust mask devices which it manufactured, distributed and sold.

38. Each Defendant acted maliciously and with willful and wanton disregard and indifference for the rights and safety of each Plaintiff by concealing from the general public and the purchasers and users of its products, evidence known and available to said defendant about the defects and deficiencies of its products, and by knowingly designing, producing,

12

manufacturing, and distributing products without warning, which it knew were certain to cause grave irreversible personal injury, and by representing that the devices were safe and effective despite its contrary knowledge.

39. The suppression of information and misrepresentations by each Dust Mask Defendant was motivated by its desire to obtain an unjust economic advantage, including maximizing sales and profits from the sale of its products at the expense of the health and life of each Plaintiff.

40. These aforesaid actions constitute malicious, willful and wanton conduct and gross negligence, and demonstrate a complete disregard and indifference to the safety of each Plaintiff. As a result, each Plaintiff seeks an amount in punitive damages against each Dust Mask Defendant that is fair and reasonable as shown by the evidence.

## DAMAGES

41. Plaintiffs adopt by reference the allegations contained and set forth above.

42. As a direct and proximate result of the Defendants' individual or collective negligent and willful commissions and/or omissions, individually and/or collectively, which are complained of in the preceding paragraphs, the Plaintiffs have been caused to suffer pain, suffering, inconvenience and will in the future suffer pain, suffering, and inconvenience, loss of enjoyment of life, emotional distress, the Plaintiffs have lost wages and their earning capacity has been permanently impaired, the Plaintiffs have incurred past medical costs and expenses and will in the future incur medical costs and expenses. All of the above are in the excess of the jurisdictional threshold of this Court.

**WHEREFORE**, the Plaintiffs, respectfully demands judgment against the Defendants, as follows:

1. Judgment against all Defendants, in favor of Plaintiffs, in an amount in excess of five thousand dollars ($5,000.00), said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

   (A) past mental and physical pain, suffering, inconvenience, and loss of enjoyment of life;

   (B) future mental and physical pain, suffering, inconvenience, and loss of enjoyment of life;

   (C) past and future lost wages;

   (D) future impairment on ability to earn money;

   (E) permanent impairment, and increased risk of future injury;

   (F) emotional distress;

   (G) future medical expenses necessitated by the injuries which Plaintiffs suffered, and past medical expenses;

2. An award of compensatory damages against all Defendants, individually and/or collectively, in amounts to be proven at trial;

3. An award of punitive damages against Dust Mask Defendants, individually, and/or collectively, in amounts to be proven at trial;

4. Pre-judgment and post-judgment interest;

5. Plaintiff's costs and attorney's fees expended herein;

6. For leave to amend Plaintiff's Complaint, if necessary;

7. Any and all other relief to which Plaintiffs may be entitled; and

8. Plaintiffs request a trial by jury.

Respectfully submitted,

/s/ Todd W. Burris
Todd W. Burris (KY 91368)
Law Office of Todd W. Burris, PLLC
PNC Bank Tower
301 E Main Street, Suite 1000-A
Lexington, KY 40507
TEL: 859.252.2222
FAX: 859.757.2457
EMAIL: todd@toddwburrislaw.com

-and-

/s/ Brian M. Vines
Matthew C. Minner
Brian M. Vines
Hare, Wynn, Newell and Newton, LLP
325 West Main St., Suite 210
Lexington, KY 40507
TEL: 859.550.2900
FAX: 859.550.2902
EMAIL: matt@hwnn.com, bvines@hwnn.com

- and –

/s/ D. Tyler Roberts
D. Tyler Roberts (KY 94748)
Roberts Law Office, PLLC

15

PNC Bank Tower
301 E. Main St., Suite 1000-C
Lexington, KY 40507
TEL: 859.231-0202
FAX: 859.201.4992
EMAIL: troberts@rloky.com

- and –

*/s/ Joseph Lambert*
Joseph Lambert (KY 94880)
Lambert & Lambert, PLLC
PO Box 989
Mt. Vernon, KY 40456
TEL: 606.256.2742
FAX: 606.256.0716

16



Anna Pinson Spears, Pike Circuit Clerk
175 Main St., P.O. Box 1002
Pikeville, KY 41502-1002

CORPORATION SERVICE COMPANY
421 WEST MAIN ST
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 19-CI-01371

Envelope Number: 2128367

Package Retrieval Number: 212836715085701@00000202192

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.55

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.



7019 1120 0001 2443 6119



U.S. POSTAGE >> PITNEY BOWES

ZIP 41011 $ 007.75
02 4W
0000371178 DEC 30 2019